IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ERIC M. SOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| ) | |
| ) | Civil Action |
| V. ) | Docket No. _____ |
| ) | |
| NORTH DAKOTA STATE BOARD OF LAW ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

1. Plaintiff Eric M. Som, pro se, brings this action against the North Dakota State Board of Law Examiners ("State Board"), which administers the North Dakota Bar Examination, and governs admission to practice law in the State of North Dakota. Plaintiff brings this action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

2. The State Board requires applicants for admission by bar examination successfully achieve a scaled Uniform Bar Examination ("UBE") score of at least 260 or a scaled Multistate Bar Examination ("MBE") score of at least 150. An applicant with the requisite UBE score must file his/her

application within two years of the date of the UBE examination. Similarly, an applicant with a passing MBE score must submit his/her application within two years of the date of the MBE examination and the applicant must be admitted in the jurisdiction where the MBE exam was written.

3. The UBE is composed of the Multistate Bar Examination ("MBE"), the Multistate Essay Examination ("MEE"), and the Multistate Performance Test ("MPT"), prepared by and given according to the standards established by the National Conference of Bar Examiners ("NCBE").

4. The State Board conducts its own evaluation of requests for accommodations from examinees.

5. Mr. Som suffers from learning disability, ADHD, and a psychological disability (general anxiety disorder and panic disorder) and is in the process of seeking accommodations for the July 2016 North Dakota Bar Exam. To accommodate his disabilities on the bar exam, Mr. Som timely asked the State Bar to allow him to take the required examination with 33 percent additional time on each portion of the exam. Mr. Som also requested access to his medications during the exam. For an individual with learning disability, ADHD, and anxiety and panic disorders, completing tasks, including those on an exam, is a slow process. As a result, Mr. Som relies on additional time combined with his medications as his primary method of coping with panic attacks, slow reading speed,

and poor reading comprehension. He took all his law school exams, and completed all his law school reading assignments, relying on additional time combined with his medications.

6. On or about April 15, 2016, Mr. Som applied to take the July 2016 bar exam. Mr. Som requested--on or around May 15, 2016--that the State Board accommodate his learning disability, ADHD, and psychological disability by permitting him to have access to his psychiatric medications and by granting him 33 percent additional time on every portion of the exam. In support of his request, Mr. Som submitted, in addition to his 2010 and 2012 evaluations, evidence from his primary psychiatric provider, Sarah R. Warren, M.D., and neuropsychological findings from a neuropsychologist, J. Michael Kerrigan, Ph.D. ("Dr. Kerrigan").

7. On May 25, 2016, the State Board refused both to allow Mr. Som to have additional time on the bar exam and access to his medications during the exam. It determined that the evidence submitted by Mr. Som does not show that he has "a substantial limitation in a major life activity, relative to most people, that requires test accommodations under the Americans with Disabilities Act." In its conclusion, the State Board noted that Mr. Som's "file does not contain a current, comprehensive diagnostic/clinical evaluation from a qualified professional who conducted an individualized assessment nor test results provide

3

evidence that you are substantially limited in a major life activity due to ADHD." Additionally, it argued that Mr. Som's file offers "no elementary, middle school, or high school records; no IEPs or evidence of special education; no history of accommodations on other standardized tests or high stakes exams..."

8. Prior to this decision, the State Board had denied Mr. Som's prior application for accommodations on the February 2016 North Dakota bar examination. In that decision, which did not contain Dr. Kerrigan's findings, the State Board highlighted the below two points:

> "Your file does not contain a current, comprehensive diagnostic/clinical evaluation from a qualified professional who conducted an individualized assessment nor test results which provide evidence that you are substantially limited in a major life activity."

> "Your file offers no elementary, middle school, or high school records; no IEPs or evidence Of special education; no history of accommodations on other standardized tests or high stakes exams such as the LSAT, MPRE, or Bar Exam. The only accommodations

4

       reflected in your documentation occurred in law school…"

9. The State Board's refusal to allow Mr. Som to take the July 2016 North Dakota bar examination without extended time and without access to his psychiatric medications violate Mr. Som's rights under the ADA and threatens him with irreparable harm to his career, to his professional development, and to his right to take the bar exam without being subjected to unlawful discrimination and the stigma and humiliation that result from such discrimination. Without injunctive relief from this Court, Mr. Som could only take the bar exam at a competitive disadvantage to his peers that would unlawfully burden his attempt to obtain his license to practice law. Mr. Som has no adequate remedy at law.

10. Mr. Som seeks declaratory and injunctive relief to compel the State Board to provide the bar examination in a format that allows him to rely on additional time combined with access to his medications. Provision of the exam in this format is necessary to best ensure that Mr. Som's results on the bar exam will accurately reflect his knowledge and understanding of established standards related to a lawyer's professional conduct rather than reflect his learning and psychological disabilities. This denies Mr. Som the opportunity to compete on an equal basis.

## JURISDICTION

11. This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

12. This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

13. Pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the District in which this Complaint is filed because the State Board's discriminatory conduct is taking place in Bismarck, North Dakota and because the events and omissions given rise to this claim have occurred and are occurring within Bismarck, North Dakota.

## PARTIES

14. Mr. Som is a naturalized United States Citizen who was born in the Republic of Cameroon, West Africa. Mr. Som completed all of his pre-college education in the country. He subsequently received a full, four-year scholarship from Handong Global University in South Korea, where he earned his bachelor's degree. Having always wanted to practice law and serve those from humble origins, Mr. Som attended law school and received his J.D. in May of 2013 from the Capital University Law School, an ABA-accredited law school, located in

Columbus, Ohio. While completing his pre-college education in Cameroon, Mr. Som encountered various learning difficulties. However, because of the stigma associated with learning and psychological disabilities and the lack of resources available for students facing such challenges, Mr. Som had to rely on his mother's ability to pay for private tutoring to address his struggles in school. Still, the provision of these additional services were not always available as his mother, on various occasions, had to make the difficult decision of using what limited resources she had in providing only for the family's basic sustenance needs. Mr. Som currently resides in Littleton, Colorado. Although he received his J.D. in 2013, Mr. Som has taken and failed the bar exam on three prior occasions. Taking the July 2016 bar exam will be his fourth attempt. He believes prior denials of his requests for accommodations account for these failures. Additionally, the State Board continues to demand that Mr. Som provide elementary, middle school, high school, or Individualized Education Plan ("IEP") evidence of special education. However, he has explained to no avail that the lack of this record is due to the stigma associated with learning and psychological disabilities in Cameroon and the lack of formal services to address these challenges in the country--factors that were beyond Mr. Som's control. Nonetheless, in its two denials of Mr. Som's request, the State Board cited the lack of these records as one ground for refusing

7

Mr. Som's request. Mr. Som faces irreparable harm because the State Board refuses to administer the bar exam in a manner that will ensure that the results accurately reflect his aptitude and achievement level rather than his disability. Passing the bar exam is a requirement to secure a license to practice law in North Dakota for anyone who, like Mr. Som, is not licensed elsewhere.

15. Defendant North Dakota State Board of Law Examiners is located in Bismarck, North Dakota, and is responsible for determining eligibility for admission to practice law in North Dakota. This includes determination of which candidates qualify for accommodations on its bar exam pursuant to the ADA.

## FACTUAL ALLEGATIONS

16. Plaintiff Eric M. Som has suffered with various learning and mental disabilities for as long as he can remember. In particular, Mr. Som began demonstrating the symptoms of learning disability, ADHD, and anxiety and panic disorder while in elementary school in Cameroon. At the time, Mr. Som was unaware of the labels, such as "ADHD" or "panic disorder" used in describing these difficulties. Nonetheless, it was not until 2010, two years after Mr. Som became a United States Citizen, that he was formally diagnosed with these challenges and began receiving treatment for them.

17. Since 2010, Mr. Som has had several additional evaluations, including one in 2012 from Bowling Green State University, another in 2015 from Sarah R. Warren, M.D., his primary care provider, and one in 2016 from Neuropsychologist J. Michael Kerrigan, Ph.D. These evaluations, according to Sarah R. Warren, M.D. and Neuropsychologist J. Michael Kerrigan, Ph.D., support an ADHD diagnosis. J. Michael Kerrigan, Ph.D. adds that evidence is consistent with a learning disability.

18. As a result, Mr. Som has been receiving psychiatric and psychological treatment since 2010. While in law school, he received ongoing psychiatric and psychological treatment from the Health and Wellness Center of the Capital University. He still receives treatment and is under the care and supervision of Sarah R. Warren, M.D. Moreover, Mr. Som currently receives six different psychiatric and learning disability medications each day.

19. Because of these conditions, Mr. Som experiences a very slow reading speed, poor reading comprehension, and difficulties breathing and/or concentrating to name a few. Accordingly, he received 50 percent additional time throughout law school.

20. Mr. Som has made every good-faith effort on his part to seek evaluations from qualified psychiatric and psychological experts with considerable years of experience in their respective fields of psychiatry and neuropsychology. He has also described his pre-college academic

9

struggles to the State Board and has explained the socioeconomic and cultural factors that account for the absence of special education records during this time. Yet, in its denials the State Board continues to contend that Mr. Som's applications for accommodation lack a comprehensive evaluation and that Mr. Som has failed to provide records of having received special education during his studies prior to college.

21. Mr. Som is and will continue to be significantly harmed by the State Board's refusal to offer him an accommodated bar exam so as to best ensure that the test results reflect that which the test is designed to measure rather than Mr. Som's learning, and psychiatric impairments.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF TITLE III OF THE ADA**

Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

22. Title III of the ADA prohibits discrimination by entities such as the State Board, on the basis of disability. Such entities engage in discrimination when they fail to make "reasonable accommodations to known physical or mental limitations" of test-takers such as Plaintiff. 42 U.S.C. § 12112(b)(5)(A).

23. The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the

major life activities of such individual. 42 U.S.C. § 12102(2)(A). Plaintiff Eric M. Som is an individual with a disability within the meaning of 42 U.S.C. § 12102(2) and 28 C.F.R. §§ 35.104 and 36.104.

24. The regulations implemented in accordance with the ADA provide that when an examination is administered "to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills...." 28 C.F.R. §36.309(b)(1)(i).

25. The ADA requires entities such as the State Board to administer standardized examinations "related to . . . applications, licensing, certification, or credentialing for . . . postsecondary education [or] professional . . . purposes" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. §12189.

26. The modifications required under the ADA to examinations such as the bar exam include "changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." 29 C.F.R. §36.309(b)(2)-(3).

27. Unless Mr. Som takes the bar exam with additional time and with access to his medications, his results will not accurately reflect what the

examination purports to measure, but will instead reflect his impaired processing skills.

28. The State Board's conduct constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, the State Board will continue to violate the ADA. Unless enjoined, the State Board will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

29. Unless the requested relief is granted, Mr. Som will suffer irreparable harm in that he will be discriminated against and unlawfully burdened in seeking admission to the legal profession in North Dakota.

30. The ADA authorizes injunctive relief, as well as reasonable attorney's fees and costs.

31. Mr. Som is entitled to injunctive relief.

**WHEREFORE,** Plaintiff request relief as set forth below.

### RELIEF REQUESTED

Plaintiff prays for judgment as follows:

32. A declaration that Mr. Som is entitled to take the bar exam with additional time and with access to his medications and that, the State Board, by denying this accommodation, offers the bar exam in a manner that discriminates against Mr. Som as a person with a disability;

33. Preliminary and final injunctive relief requiring the State Board to provide Mr. Som with the opportunity to take the July 2016 administration of the North Dakota Bar Examination with 33 percent additional time and allow Mr. Som access to his psychiatric and learning disability medications.

34. Such other and further relief as the Court deems just and proper.

Dated at Littleton, Colorado, this __31st__ day of May, 2016.

Respectfully submitted,

Eric M. Som, pro se

4875 South Balsam Way, Unit 5-203

Littleton, Colorado 80123

Phone: (720) 633-8084 or (720) 722-1365

Email: ericsom@gmail.com